UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TIFFANY N. TURNER                    CIVIL ACTION NO. 19-cv-1174

VERSUS                               CHIEF JUDGE HICKS

HUBERT A. LETNEY, JR., ET AL         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Tiffany N. Turner ("Plaintiff") filed this civil action in state court to complain of damages she sustained in a motor vehicle accident. She sued Hubert Letney ("Letney"), the driver of the other car; Jerry Burch, Inc. ("Jerry Burch"), Letney's employer; and Bitco General Insurance Company ("Bitco"), the commercial liability insurer for the truck driven by Letney. Defendants Letney and Bitco removed the case to this court based on the assertion of diversity jurisdiction, which puts the burden on the removing parties to show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations in the notice of removal are adequate to establish diversity jurisdiction with one exception.

The notice of removal states that Bitco is "a foreign insurance company with its principal place of business located in Illinois." The notice of removal does not allege Bitcoin's type of entity. If it is a corporation, its citizenship is deemed to be both (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and

its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The removing defendants will need to file, no later than **September 20, 2019**, an amended notice of removal that specifically alleges Bitco's type of entity. If it is a corporation, the notice of removal will need to allege its state of incorporation to go along with its alleged principal place of business (Illinois). If it is an LLC or some other form of unincorporated entity, the notice of removal will need to allege its citizenship in accordance with rules set forth in cases such as Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of September, 2019.

_____
Mark L. Hornsby
U.S. Magistrate Judge